UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PIRATE BRANDS, LLC,

      Petitioner,

v.

ROBERT EHRLICH, SEXYPOP POPCORN, LLC, and RAGF, INC.,

      Respondents.

Case No. _____

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Pirate Brands, LLC ("Petitioner") by and through its undersigned attorneys, respectfully submits this Petition pursuant to the Federal Arbitration Act ("FAA") 9 U.S.C. § 9, for (a) an order confirming the arbitration award rendered by the Honorable Stephen G. Crane (Ret.) of JAMS Dispute Resolution Services, dated September 4, 2015 (the "Award") in the arbitration captioned *Pirate Brands, LLC v. Ehrlich, et al.*, JAMS Ref. No. 1425017097 (the "Arbitration"), and (b) a judgment embodying the terms of the Award and awarding pre-judgment interest to Petitioner. The Award orders injunctive and declaratory relief in favor of Petitioner, as well as a monetary award in the sum of $284,657.97, against Respondents Robert Ehrlich, SexyPop Popcorn, LLC and RAGF, Inc. ("Respondents").

### THE PARTIES

1.    Petitioner Pirate Brands, LLC, is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey.

2.    Respondent Robert Ehrlich is an individual who resides in the State of New York.

1

3.  Respondent SexyPop Popcorn, LLC, is a New York limited liability company with its principal place of business in the State of New York.

4.  Respondent RAGF, Inc. is a New York corporation with its principal place of business in the State of New York.

## JURISDICTION AND VENUE

5.  The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, which grants subject matter jurisdiction to district courts in all civil actions where the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties.

6.  Venue is proper in this Court pursuant to 9 U.S.C. § 9, as the Arbitration took place and the Award was made in this District.

## STATEMENT OF FACTS

7.  Petitioner's parent company purchased Respondent Robert Ehrlich's business for tens of millions of dollars in 2013. As part of the sale, Ehrlich agreed that he would not compete against Petitioner. But he soon breached his non-compete obligations and forced Petitioner to commence a proceeding to enjoin him from doing so. To avoid further litigation, Petitioner and Ehrlich (along with Respondents SexPop and RAGF) entered into a confidential settlement agreement in November 2013 (the "Confidential Settlement Agreement"), which included a non-compete covenant and arbitration agreement.

8.  Unfortunately, Respondents almost immediately breached the Confidential Settlement Agreement by failing to abide by their non-compete obligations. Accordingly, on September 30, 2014, Petitioner commenced the underlying Arbitration against Respondents to remedy Respondents' repeated and intentional breaches of the Confidential Settlement Agreement, which provides for confidential, final and binding arbitration in New York, New York of all disputes with the right to enter the award in any court of competent jurisdiction:

> All disputes under, concerning or relating to this Settlement Agreement shall be submitted for confidential, final and binding arbitration to be conducted in New York, New York before JAMS, in accordance with the JAMS Streamlined Arbitration Rules in place at the time. Except as provided in Paragraph 10 (injunctive relief), arbitration shall be the exclusive means for resolving any dispute under, concerning, or relating to this Settlement Agreement. Any award or judgment rendered by JAMS may be entered in any court of competent jurisdiction. In the event of arbitration or litigation, the prevailing party shall be entitled to recover any and all reasonable attorneys' fees and expenses and other costs, including without limitation the costs of the arbitration, incurred in the enforcement of the terms of this Settlement Agreement.

(Declaration of Greg A. Call, Esq., in Support of Petition to Confirm Arbitration Award ("Call Decl.") Ex. 1, § 22.)

9. In the Confidential Settlement Agreement, Respondents expressly acknowledged that they understood and fully adopted the terms of the settlement (*id.*, § 12) and that they had ample opportunity to review the settlement and "consult with and seek the advice of their respective counsel" before agreeing to the settlement (*id.*, § 14).

10. On October 8, 2014, JAMS issued a Commencement of Arbitration letter to the parties, initiating the Arbitration pursuant to JAMS Streamlined Arbitration Rules in accordance with the Confidential Settlement Agreement's arbitration provision. (Call Decl. Ex. 2.)

11. Also on October 8, 2014, Respondents submitted a Response to Arbitration Demand, Affirmative Defenses, and Counterclaim.

12. On October 15, 2014, Petitioner moved to dismiss all of Respondents' counterclaims.

13. On October 16, 2014, following the selection process outlined in JAMS Streamlined Arbitration Rules, the Honorable Stephen G. Crane (Ret.) was appointed as Arbitrator.

14. On November 17, 2014, the Arbitrator issued Procedural Order No. 1, scheduling the Arbitration Hearing for March 3–5, 2015.

15. On December 16, 2014, after full briefing by both sides, the Arbitrator issued a Partial Final Award dismissing Respondents' counterclaims in their entirety, and denying

Respondents' request to amend their counterclaims as without good cause and contrary to JAMS rules.

16. From December 2014 to February 2015, the parties engaged in discovery. Both parties submitted pre-hearing statements in February 2015. Following discovery, as authorized by Rule 18 of the JAMS Streamlined Arbitration Rules, the parties agreed by written stipulation to waive the arbitration hearing and submit the dispute to the Arbitrator based on written submissions.

17. On March 10, 2015, Petitioner submitted Proposed Findings of Fact and Conclusions of Law, with supporting declarations. On March 17, 2015, Respondents submitted a response and objections. On March 24, 2015, Petitioner submitted its reply.

18. On April 17, 2015, the Arbitrator issued his Second Partial Final Award.

19. Per the Arbitrator's direction, on May 27, 2015, Petitioner submitted an Application for Final Approval of Attorneys' Fees, Expenses, and Other Costs, with supporting declarations. Respondents submitted an objection to Petitioner's application on June 11, 2015, and Petitioner submitted a reply on June 17, 2015.

20. On July 23, 2015, the Arbitrator issued the Final Award, including a 70-page analysis and justification therefore. The Final Award analyzes Petitioner's application for attorneys' fees and costs as well as all of the objections raised by Respondents. The Arbitrator concluded that Petitioner established its entitlement to attorneys' fees in the amount of $246,872.13 and expenses in the sum of $21,612.55.

21. On September 4, 2015, JAMS served the parties with an amended Final Award, signed by the Arbitrator, which incorporated the Partial Final Award, the Second Partial Final Award, and the Final Award, and amended the expenses awarded to Petitioners to $37,785.84, for a grand total awarded to Petitioner of **$284,657.97**. (Call Decl. Ex. 4.) The specific terms of the Final Award are set forth on pages 65 to 70 thereof and include the following relief granted in favor of Petitioner:

    a.    Petitioner's claim for breach of contract and declaratory relief that Respondents breached the Confidential Settlement Agreement is GRANTED. (Call Decl. Ex. 1 at 66, ¶¶ 5–6.)

    b.    Respondents' counterclaims and proposed amended counterclaims against Petitioner for false endorsement and unfair competition are DISMISSED. (*Id.* at 66, ¶ 2.)

    c.    Petitioner's claim for declaratory relief regarding Respondents' breach of their disclaimer obligations under the Confidential Settlement Agreement is GRANTED: "[I]t is hereby declared that § 8(a) of the 2013 Settlement Agreement remains in full force and effect, that Respondents are in breach of § 8(a) of the 2013 Settlement Agreement, and that the Respondents are enjoined to include a disclaimer on all 'electronic and hard copy marketing materials for products marketed or sold by the Ehrlich Parties, including by SexyPop, where there is any reference to Ehrlich's prior affiliation with Pirate Brands.'" (*Id.* at 66–67, ¶ 6.)

    d.    Petitioner's request for specific performance to "comply with the disclaimer obligations under § 8(a) of the 2013 Settlement Agreement" is GRANTED. (*Id.* at 67, ¶ 7.)

    e.    Petitioner's request for injunctive relief permanently enjoining Respondents from further breach of their disclaimer obligations under § 8(a) of the Confidential Settlement Agreement is GRANTED: "Respondents are hereby permanently enjoined from breaching the Non-Affiliation Obligations contained in §8(a) of the 2013 Settlement Agreement." (*Id.* at 67, ¶ 8.)

    f.    Petitioner's request for declaratory relief that it does not owe any "royalty" or other payment of any kinds to Respondent Ehrlich arising out of the packaging of Pirate Brands products is GRANTED: "[I]t is hereby declared that [Petitioner] does not owe any 'royalty' or other payment of any kind to Respondent Ehrlich arising out of the current packaging of Pirate Brands products." (*Id.* at 68, ¶ 12.)

    g.    Petitioner's request for pre-arbitration attorneys' fees and expenses and other costs incurred in policing Respondents' compliance with the 2013 Settlement Agreement, as well as the attorneys' fees and expenses and other costs incurred in enforcing its rights as the prevailing party, is GRANTED in the amount of $284,657.97. (*Id.* at 69–70, ¶¶ 18–19.)

22.    The amended Final Award was served on Respondents more than three months ago. (Call Decl. Ex. 4 at 70.) Accordingly, Respondents have waived the right to move for vacatur or modification of the Award, and have also waived any argument regarding the

invalidity of the Award as a defense to confirmation. *See* 9 U.S.C.A. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered"); *Kruse v. Sands Bros. & Co.*, 226 F. Supp. 2d 484, 486 (S.D.N.Y. 2002) ("there is no exception to this three month limitation period: 'a party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm'" (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984)).

## COUNT ONE

23. Petitioner repeats and re-alleges the allegations set forth above as if fully set forth herein.

24. Pursuant to the FAA, Petitioner is entitled to an order confirming the Award.

25. Accordingly, the Court should confirm the Award, and enter a judgment that embodies the terms of the Award and awards Petitioner pre-judgment interest.

## PRAYER FOR RELIEF

Petitioner respectfully requests that the Court:

(a) Issue an order confirming the Award;

(b) Enter a judgment that embodies the terms of the Award, and awards Petitioner pre-judgment interest from the period from September 4, 2015 through the date that judgment is entered; and

(b) Provide such further relief as this Court deems just and proper.

Dated: New York, New York
December 18, 2015

Respectfully Submitted,

By: _____

Lance Gotko, Esq.
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036-6516
Tel: 212.833.1115
Fax: 212.373.7915
lgotko@fklaw.com

-and-

J. Noah Hagey, Esq.
BraunHagey & Borden LLP
80 Broad St., Suite 1302
New York, NY 10004
Tel./Fax: (646) 829-9403
hagey@braunhagey.com

Counsel for Petitioner PIRATE BRANDS, LLC