UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PIRATE BRANDS, LLC,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ROBERT EHRLICH, SEXYPOP POPCORN, LLC, and RAGF, INC.,<br><br>　　　　　Respondents. | Case No. 1:15-cv-09898 (RJS) |

### [PROPOSED] JUDGMENT

Petitioner Pirate Brands, LLC ("Petitioner") having moved to confirm an arbitration award, and the matter having come before the Honorable Richard J. Sullivan, United States District Judge, and the Court, on _____, 2016, having rendered an order granting Petitioner's motion to confirm the arbitration award, it is,

**ORDERED, ADJUDGED and DECREED**: That for the reasons stated in this Court's order dated _____, 2016, Petitioner's motion to confirm the arbitration award against Respondents Robert Ehrlich, SexyPop Popcorn, LLC d.b.a. Sexy Pop LLC, and RAGF, Inc. (collectively, "Respondents") is granted as follows:

　　1.　　Petitioner's claim for breach of contract and declaratory relief that Respondents breached the Confidential Settlement Agreement is GRANTED.

　　2.　　Respondents' counterclaims and proposed amended counterclaims against Petitioner for false endorsement and unfair competition are DISMISSED.

　　3.　　Petitioner's claim for declaratory relief regarding Respondents' breach of their disclaimer obligations under the Confidential Settlement Agreement is GRANTED: "[I]t is hereby declared that § 8(a) of the 2013 Settlement Agreement remains in full force and effect, that Respondents are in breach of § 8(a) of the 2013 Settlement Agreement, and that the Respondents are enjoined to include a disclaimer on all 'electronic and hard copy marketing

1

materials for products marketed or sold by the Ehrlich Parties, including by SexyPop, where there is any reference to Ehrlich's prior affiliation with Pirate Brands.'"

4.  Petitioner's request for specific performance to "comply with the disclaimer obligations under § 8(a) of the 2013 Settlement Agreement" is GRANTED.

5.  Petitioner's request for injunctive relief permanently enjoining Respondents from further breach of their disclaimer obligations under § 8(a) of the Confidential Settlement Agreement is GRANTED: "Respondents are hereby permanently enjoined from breaching the Non-Affiliation Obligations contained in § 8(a) of the 2013 Settlement Agreement."

6.  Petitioner's request for declaratory relief that it does not owe any "royalty" or other payment of any kinds to Respondent Ehrlich arising out of the packaging of Pirate Brands products is GRANTED: "[I]t is hereby declared that [Petitioner] does not owe any 'royalty' or other payment of any kind to Respondent Ehrlich arising out of the current packaging of Pirate Brands products."

7.  Petitioner's request for pre-arbitration attorneys' fees and expenses and other costs incurred in policing Respondents' compliance with the 2013 Settlement Agreement, as well as the attorneys' fees and expenses and other costs incurred in enforcing its rights as the prevailing party, is GRANTED and AWARDED against Respondents jointly and severally in the amount of $284,657.97.

8.  Petitioner's request for pre-judgment interest of 9% per year, from the date of the Award, September 4, 2015, to the date of the entry of this judgment, is GRANTED and AWARDED against Respondents jointly and severally.

9.  Petitioner's request for post-judgment interest at the statutory rate is GRANTED and AWARDED against Respondents jointly and severally.

Dated: New York, New York
_____, 2016

                                                                       _____
                                                                        Honorable Richard J. Sullivan
                                                                        United States District Court Judge