# BRAUNHAGEY & BORDEN LLP

San Francisco & New York

**J. Noah Hagey, Esq.**
Managing Partner
hagey@braunhagey.com

February 18, 2016

**VIA ECF AND EMAIL**

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, NY 10007
Email:  SullivanNYSDChambers@nysd.uscourts.gov

      Re:    *Pirate Brands, LLC v. Robert Ehrlich, et al.*, Case No. 1:15-cv-09898 (RJS) –
             <u>Reply in Support of Motion to Confirm Arbitration Award</u>

Your Honor:

      We represent Petitioner Pirate Brands, LLC ("Petitioner") in the above-captioned action.

      We write in Reply to Respondents Robert Ehrlich, SexyPop Popcorn, LLC d.b.a. Sexy Pop LLC, and RAGF, Inc.'s ("Respondents'") February 17, 2016 letter brief filed in opposition to Petitioner's Motion to Confirm Arbitration Award (Dkt. 11).

      In their opposition, Respondents do not dispute any aspect of the arbitration Award or provide any reason why it should not be confirmed.  The only portion of the Motion Respondents oppose is Petitioner's request for the actual attorneys' fees and costs our client incurred in seeking confirmation of the Award—*viz*, after Respondents refused to abide the Award or stipulate to its entry and confirmation.  Respondents' position that there are no grounds for awarding such attorneys' fees is contradicted by the evidence presented in the Motion and this Court's own precedent in similar cases.

      *First*, the parties' agreement at issue, the November 2013 Settlement Agreement, provides for payment of the prevailing parties' attorneys' fees incurred in connection with enforcing that contract:  "the prevailing party shall be entitled to recover any and all reasonable attorneys' fees and expenses and other costs, including without limitation the costs of the arbitration, incurred in the enforcement of the terms of this Settlement Agreement."  (Dkt. 4, Ex. 4 § 22.)  As found in the Award itself, which is not in dispute, Respondents willfully breached the Settlement Agreement, resulting in an award comprised of injunctive relief and an order to

February 18, 2016
Page 2

satisfy Petitioner's attorneys' fees and costs. Respondents then refused to comply with the Award, causing Petitioner to file the Petition to *enforce the terms of the Settlement Agreement*. There is no logical explanation as to why the fees and costs incurred by Petitioner in this second proceeding to enforce the Settlement Agreement are not fees and costs "incurred in the enforcement of the terms of [the] Settlement Agreement."

*Second*, this Court has, on numerous occasions, used "its inherent equitable powers" to award attorneys' fees and costs when, like here, "a defendant has failed to pay an arbitral award and failed to respond to the petition to confirm the award." *New York Dist. Council of Carpenters v. Angel Constr. Grp., LLC*, Case No. 1:08-cv-9061 (RJS), 2009 WL 256009 at *3 (S.D.N.Y. Feb. 3, 2009) (citation and quotations omitted) (granting award of attorneys' fees and costs incurred in confirmation proceeding where Defendant failed to appear or in any way defend the confirmation action, and offered no justification for its failure to abide the arbitration award, and observing that "courts have found an award of attorney's fees justified" under similar circumstances). "In the context of confirmation proceedings, the guiding principle" is that "when a challenger refuses to abide an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Id*. (citation and quotations omitted).

Similarly here, Petitioner's attorneys' fees and costs should be awarded because Respondents have, just as in *Angel Construction*, refused to abide the Arbitrator's decision and failed to answer or otherwise timely respond to the Petition to Confirm the Award. Even in their opposition, Respondents fail to offer any justification for their refusal to abide by the Award or any grounds for not confirming that Award. *See also Mandell v. Reeve*, Case No. 1:10-cv-6530 (RJS), 2011 WL 4585248, at *12 (S.D.N.Y. Oct. 4, 2011) *aff'd,* 510 F. App'x 73 (2d Cir. 2013) (awarding attorneys' fees and costs incurred in confirmation proceeding where respondents failed to abide by the arbitrator's award and did not appear in the arbitration proceedings, or in confirmation action); *Abondolo v. H. & M.S. Meat Corp.*, Case No. 1:07-cv-3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (awarding confirmation proceeding attorneys' fees and costs where losing party failed to participate in the arbitration proceedings, did not file a motion to modify or vacate the arbitration award, and failed to pay the full award); *Herrenknecht Corp. v. Best Rd. Boring*, Case No. 1:06-cv-5106 (JFK), 2007 WL 1149122, at *4 (S.D.N.Y. Apr.16, 2007) (same).

*Finally*, Respondents could have avoided the portion of the Proposed Judgment they now challenge by simply stipulating to confirmation of the Arbitration Award. They chose not to do so without any good faith basis, forcing Petitioner to file the Petition and this Motion, incurring further unnecessary fees and costs and burdening the Court with this proceeding. Respondents should not be permitted to escape the consequences of such ongoing intransigence.

For these reasons and those set forth in Petitioner's Motion, Petitioner respectfully requests that Respondents' "Amended Proposed Judgment" be denied and the Court enter Petitioner's [Proposed] Judgment granting, in full, Petitioner's Motion to Confirm Arbitration Award—including the provision of its attorneys' fees and costs incurred in this proceeding.

We are available at the Court's convenience to address any questions or concerns.

February 18, 2016
Page 3

                                    Respectfully submitted,

                                    J. Noah Hagey


Cc:    Kevin P. Conway, Esq. (Respondents' counsel, *via* ECF and email)