UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PIRATE BRANDS, LLC,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ROBERT EHRLICH, SEXYPOP POPCORN, LLC, and RAGF, INC.,<br><br>　　　　　Respondents. | Case No. 1:15-cv-09898 (RJS) |

**MEMORANDUM OF LAW IN SUPPORT OF PETITION
TO CONFIRM ARBITRATION AWARD**

J. Noah Hagey, Esq.
Greg A. Call, Esq.
BraunHagey & Borden LLP
80 Broad St., Suite 1302
New York, NY 10004
Tel./Fax:  (646) 829-9403
hagey@braunhagey.com
call@braunhagey.com.

Counsel for Petitioner PIRATE BRANDS, LLC

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

STATEMENT OF MATERIAL FACTS .................................................................................... 1

ARGUMENT ................................................................................................................................ 5

I. THE COURT MUST ENFORCE THE ARBITRATION AWARD ................................. 5

II. PETITIONER'S ATTORNEYS' FEES AND COSTS IN CONFIRMING THE AWARD SHOULD BE GRANTED ........................................................................... 6

III. PRE- AND POST-JUDGMENT INTEREST SHOULD BE GRANTED TO PETITIONER ................................................................................................................ 7

CONCLUSION ............................................................................................................................. 8

Petitioner Pirate Brands, LLC ("Petitioner") submits this Memorandum of Law in Support of Petition to Confirm Arbitration Award against Respondents Robert Ehrlich, SexyPop Popcorn, LLC d.b.a. Sexy Pop LLC, and RAGF, Inc. ("Respondents").

## INTRODUCTION

Respondents have failed to appear, contest, or in any way object to the confirmation of Petitioner's underlying arbitration Award. Respondents have been properly served with the Petition and their counsel has been notified of this proceeding and yet failed to take any action. There is no genuine issue as to any material fact in this proceeding, nor can there be any argument that the Arbitrator's detailed 70-page Award did not sufficiently justify his conclusion or conform with the law.

Petitioner accordingly requests that the underlying Award be confirmed as a judgment of this Court, together with Petitioner's attorneys' fees and costs, and pre- and post-judgment interest, as set forth in the [Proposed] Judgment filed concurrently.

## STATEMENT OF MATERIAL FACTS

The facts below are set forth in the Petition (Dkt 1) and the accompanying Declaration of Greg Call (Dkt 4), which are incorporated herein.

Petitioner's parent company purchased Respondent Robert Ehrlich's business for tens of millions of dollars in 2013. As part of the sale, Ehrlich agreed that he would not compete against Petitioner. But he soon breached his non-compete obligations and forced Petitioner to commence a proceeding to enjoin him from doing so. To avoid further litigation, Petitioner and Ehrlich (along with Respondents SexyPop and RAGF) entered into a confidential settlement agreement in November 2013 (the "Confidential Settlement Agreement"), which included a non-compete covenant and arbitration agreement. (Dkt 4, Ex. 1.)

Unfortunately, Respondents almost immediately breached the Confidential Settlement Agreement by failing to abide by their non-compete obligations. Accordingly, on September 30, 2014, Petitioner commenced the underlying Arbitration against Respondents to remedy Respondents' repeated and intentional breaches of the Confidential Settlement Agreement,

1

which provides for confidential, final, and binding arbitration in New York, New York of all disputes with the right to enter the award in any court of competent jurisdiction:

> All disputes under, concerning or relating to this Settlement Agreement shall be submitted for confidential, final and binding arbitration to be conducted in New York, New York before JAMS, in accordance with the JAMS Streamlined Arbitration Rules in place at the time. Except as provided in Paragraph 10 (injunctive relief), arbitration shall be the exclusive means for resolving any dispute under, concerning, or relating to this Settlement Agreement. Any award or judgment rendered by JAMS may be entered in any court of competent jurisdiction. In the event of arbitration or litigation, the prevailing party shall be entitled to recover any and all reasonable attorneys' fees and expenses and other costs, including without limitation the costs of the arbitration, incurred in the enforcement of the terms of this Settlement Agreement.

(*Id*., § 22.)

On October 8, 2014, JAMS issued a Commencement of Arbitration letter to the parties, initiating the Arbitration pursuant to JAMS Streamlined Arbitration Rules in accordance with the Confidential Settlement Agreement's arbitration provision. (Dkt 4, Ex. 2.)

On October 16, 2014, following the selection process outlined in JAMS Streamlined Arbitration Rules, the Honorable Stephen G. Crane (Ret.) was appointed as Arbitrator. (Dkt 4, Ex. 3.)

From December 2014 to February 2015, the parties engaged in discovery. Following discovery, as authorized by Rule 18 of the JAMS Streamlined Arbitration Rules, the parties agreed by written stipulation to waive the arbitration hearing and submit the dispute to the Arbitrator based on written submissions. The Arbitrator also issued a Partial Final Award dismissing Respondents' counterclaims in their entirety. (Dkt 1 ¶¶ 15–17.)

On April 17, 2015, the Arbitrator issued his Second Partial Final Award. Per the Arbitrator's direction, Petitioner submitted an Application for Final Approval of Attorneys' Fees, Expenses, and Other Costs, and on July 23, 2015, the Arbitrator issued the Final Award, including a 70-page analysis and justification therefore. The Arbitrator concluded that Petitioner

established its entitlement to attorneys' fees in the amount of $246,872.13 and expenses in the sum of $21,612.55.  (Dkt 1 ¶¶ 18–20.)

On September 4, 2015, JAMS served the parties with an amended Final Award, signed by the Arbitrator, which incorporated the Partial Final Award, the Second Partial Final Award, and the Final Award, and amended the expenses awarded to Petitioners to $37,785.84, for a grand total awarded to Petitioner of $284,657.97.  (Dkt 4, Ex. 4.)  The specific terms of the Final Award are set forth on pages 65 to 70 thereof and include the following relief granted in favor of Petitioner:

    a.    Petitioner's claim for breach of contract and declaratory relief that Respondents breached the Confidential Settlement Agreement is GRANTED.  (Dkt 4, Ex. 1 at 66, ¶¶ 5–6.)

    b.    Respondents' counterclaims and proposed amended counterclaims against Petitioner for false endorsement and unfair competition are DISMISSED.  (*Id*. at 66, ¶ 2.)

    c.    Petitioner's claim for declaratory relief regarding Respondents' breach of their disclaimer obligations under the Confidential Settlement Agreement is GRANTED:  "[I]t is hereby declared that § 8(a) of the 2013 Settlement Agreement remains in full force and effect, that Respondents are in breach of § 8(a) of the 2013 Settlement Agreement, and that the Respondents are enjoined to include a disclaimer on all 'electronic and hard copy marketing materials for products marketed or sold by the Ehrlich Parties , including by SexyPop, where there is any reference to Ehrlich's prior affiliation with Pirate Brands.'"  (*Id*. at 66–67, ¶ 6.)

    d.    Petitioner's request for specific performance to "comply with the disclaimer obligations under § 8(a) of the 2013 Settlement Agreement" is GRANTED.  (*Id*. at 67, ¶ 7.)

    e.    Petitioner's request for injunctive relief permanently enjoining Respondents from further breach of their disclaimer obligations under § 8(a) of the Confidential Settlement Agreement is GRANTED:  "Respondents are hereby permanently enjoined from breaching the Non-Affiliation Obligations contained in §8(a) of the 2013 Settlement Agreement."  (*Id*. at 67, ¶ 8.)

    f.    Petitioner's request for declaratory relief that it does not owe any "royalty" or other payment of any kinds to Respondent Ehrlich arising out of the packaging of Pirate Brands products is GRANTED:  "[I]t is hereby

3

>> declared that [Petitioner] does not owe any 'royalty' or other payment of any kind to Respondent Ehrlich arising out of the current packaging of Pirate Brands products." (*Id*. at 68, ¶ 12.)
>
> g. Petitioner's request for pre-arbitration attorneys' fees and expenses and other costs incurred in policing Respondents' compliance with the 2013 Settlement Agreement, as well as the attorneys' fees and expenses and other costs incurred in enforcing its rights as the prevailing party, is GRANTED in the amount of $284,657.97. (*Id*. at 69–70, ¶¶ 18–19.)

Petitioner has made numerous efforts to resolve and confirm this award without resort to the instant motion or expenditure of additional attorneys' fees and costs. On August 20, 2015, counsel for Petitioner contacted counsel for Respondents and requested that Respondents "satisfy the full amount of the award voluntarily . . . ." (Supplemental Declaration of Greg A. Call ("Suppl. Call Decl.") ¶ 2, Ex. 1.) The amended Final Award was served on Respondents on September 4, 2015, more than five months ago. (Dkt 4, Ex. 1 at 70.) Respondents refused.

After waiting over three months for Respondents to satisfy the Award's monetary amount, on December 18, 2015, Petitioner filed the instant proceeding. Shortly thereafter, Petitioner also formally served the Notice of Petition, Petition, and other supporting documents on each of the Respondents and filed corresponding Proof of Services with the Court. (Dkts 5–8.) The deadline for Respondents' to appear and oppose the Petition was February 8, 2016. They have failed to do so.

In order to provide notice of default and in a further effort to avoid additional costs, on January 27, 2016, Petitioner's counsel again contacted Respondents' new attorneys at the Conway & Conway law firm in New York. (Suppl. Call Decl. ¶ 3, Ex. 2.) Petitioner notified Respondents' counsel that Respondents were "now in default, and Petitioner intends to move for default judgment." (*Id*.) Counsel further requested that Respondents "advise if [they] intend to appear" or were otherwise willing to "stipulate to, and pay, the judgment at this time." (*Id*.)

On January 28, 2016, Respondents' counsel acknowledged the correspondence and sought to engage in negotiations on behalf of Respondents. (*Id*. ¶ 4.) Ultimately those talks were not productive and Respondents have refused to appear in this proceeding. (*Id*.)

4

**ARGUMENT**

**I.     THE COURT MUST ENFORCE THE ARBITRATION AWARD**

"Confirmation of an arbitration award is generally 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected.'" *Abondolo v. H&MS Meat Corp.*, 2008 WL 2047612 at * 2 (S.D.N.Y. May 12, 2008) (citation omitted). "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *Unite Here Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 429 (S.D.N.Y. 2008) (quotation and citation omitted). "The court must enter judgment for the party seeking to confirm the award unless the opposition party shows that the award was based on a manifest disregard for the law." *Id*.

There can be no genuine issue of material fact here. The record amply supports confirmation of the Award. Respondents did not move to vacate, modify, or correct the Award, and have now forever waived any opportunity to bring such a motion or to raise any argument that could be made in such a motion. *See* 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered"); *Kruse v. Sands Bros. & Co.*, 226 F. Supp. 2d 484, 486 (S.D.N.Y. 2002) ("there is no exception to this three month limitation period: 'a party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm'" (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984)). Further, Respondents have elected not to respond to the Petition. Even if they did, there can be no legitimate dispute about any of the facts above.

The Arbitrator more than sufficiently justified the Award. Indeed, the 70+ page Award includes a painstaking review of the relevant facts and law, including Respondents' claims and arguments. (Dkt 4, Ex. 4.)

The Award exhibits no manifest disregard of the law. The underlying agreement provides that disputes about it are to be resolved by binding arbitration before JAMS. (Dkt 4,

Ex. 4 § 22.)  The Arbitrator was therefore empowered under the agreement to resolve the dispute and to issue the declaratory and injunctive relief provided in the Award.  The underlying agreement also provided that "the prevailing party shall be entitled to recover any and all reasonable attorneys' fees and expenses and other costs, including without limitation the costs of the arbitration, incurred in the enforcement of the terms of this Settlement Agreement." (*Id*.)  The Arbitration was also therefore empowered under the agreement to issue the monetary relief provided in the Award.  There is no evidence (and there can be no evidence) showing that the Arbitrator's decision was made arbitrarily, exceeding his authority, or is otherwise contrary to law.

Accordingly, the Court must confirm the Award, and issue judgment embodying the declaratory, injunctive, and monetary provisions of the Award.

## II. PETITIONER'S ATTORNEYS' FEES AND COSTS IN CONFIRMING THE AWARD SHOULD BE GRANTED

As noted above, the underlying agreement between the parties provides that "the prevailing party shall be entitled to recover any and all reasonable attorneys' fees and expenses and other costs, including without limitation the costs of the arbitration, incurred in the enforcement of the terms of this Settlement Agreement."  (Dkt 4, Ex. 4 § 22.)  Moreover, "pursuant to its inherent equitable powers . . . a court may award attorney's fees when the opposing counsel acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *New York Dist. Council of Carpenters v. Angel Construction Group, LLC*, 2009 WL 256009 at *3 (S.D.N.Y. Feb. 3, 2009) (citation and quotations omitted).  "In the context of confirmation proceedings, the guiding principle has been stated as follows:  when a challenger refuses to abide an arbitrator's decision without justification, attorney's fees and costs may properly be awarded. *Id*. (citation and quotations omitted).

Here, Petitioners are entitled to recover the attorneys' fees and costs incurred in this confirmation proceeding for two separate and independent reasons.  First, an award of such fees and costs are required under the parties' agreement, as they were necessarily "incurred in the

6

enforcement of the terms" of the agreement.  Second, attorneys' fees and costs should be granted to Petitioners because Respondents have willfully failed to pay the Award and have failed to respond to the Petition to confirm the Award.  *See N.Y. Dist. Council of Carpenters*, 2009 WL 256009 at *3 ("Here Defendant has failed to appear or in any way defend this confirmation action, and thus it is axiomatic that Defendant has offered no justification for its failure to abide the Award.  Further, courts have found an award of attorney's fees justified where a defendant has failed to pay an arbitral award and failed to respond to the petition to confirm the award.").

As set forth in the Supplemental Declaration of Greg A. Call, filed concurrently, Petitioner has incurred $39,113.60 in attorneys' fees, costs, and expenses in connection with this confirmation proceeding.  (Suppl. Call Decl. ¶¶ 5–8.)  Such amounts should be added to the monetary amount provided in the Award.

### III.     PRE- AND POST-JUDGMENT INTEREST SHOULD BE GRANTED TO PETITIONER

"The decision whether to grant prejudgment interest in arbitration confirmation is left to the discretion of the trial court."  *SEIU v. Stone Park Assocs.*, LLC, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004).  "In this Circuit, there is a presumption in favor of prejudgment interest." *Abondolo*, 2008 WL 2047612 at *3 (citations and quotations omitted).  "Courts of this Circuit have found an award of pre-judgment interest to be appropriate where the agreement between the parties states that the arbitration decision is final and binding."  *Id*. (citations and quotations omitted).

Respondents have had more than five months in which to pay the Award, and have refused to do so.  Moreover, the underlying agreement between the parties states that the arbitration decision is "final and binding."  Accordingly, this Court should grant pre-judgment interest on the Award at an annual rate of 10% from the date of the award until the date judgment is entered.

Likewise, Petitioner is also entitled to post-judgment interest at the statutory rate. C.P.L.R. §§ 5003, 5004.

## CONCLUSION

For the foregoing reasons, the Court should grant the Petition, confirm the Award, and order entry of a judgment that embodies the terms of the Award, including injunctive and declaratory relief in favor of Petitioner, as well as a monetary award in the sum of $284,657.97, plus attorneys' fees and costs in the amount of $39,113.60, pre-judgment interest of 10% per year from the date of the award until the date of entry of judgment, and post-judgment interest at the statutory rate.

Dated: New York, New York
       February 12, 2016

Respectfully Submitted,

By:   /s/
     J. Noah Hagey, Esq.

J. Noah Hagey, Esq.
Greg A. Call, Esq.
BraunHagey & Borden LLP
80 Broad St., Suite 1302
New York, NY 10004
Tel./Fax: (646) 829-9403
hagey@braunhagey.com
call@braunhagey.com

Counsel for Petitioner PIRATE BRANDS, LLC

8