UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PIRATE BRANDS, LLC,<br><br>        Petitioner,<br><br>v.<br><br>ROBERT EHRLICH, SEXYPOP POPCORN, LLC, and RAGF, INC.,<br><br>        Respondents. | Case No. 1:15-cv-09898 (RJS) |

## SUPPLEMENTAL DECLARATION OF GREG A. CALL IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD

I, GREG A. CALL, ESQ., declare pursuant to 28 U.S.C. §1746 as follows:

1. I am an attorney with the law firm BraunHagey & Borden LLP. I am admitted to the New York bar and am currently in good standing. I am counsel for Petitioner Pirate Brands, LLC, and make this Supplemental Declaration in support of Petitioner's Petition to Confirm Arbitration Award.

2. On August 20, 2015, I contacted counsel for Respondents and requested that Respondents "satisfy the full amount of the award voluntarily . . . ." A true and correct copy of that correspondence is attached as **Exhibit 1**.

3. On January 27, 2016, Petitioner's counsel contacted Respondents' new counsel, notified them that Respondents were "now in default, and Petitioner intends to move for default judgment." Counsel further requested that Respondents "advise if [they] intend to appear" or were otherwise willing to "stipulate to, and pay, the judgment at this time." A true and correct copy of that correspondence is attached as **Exhibit 2**.

4. On January 28, 2016, Respondents' counsel acknowledged the correspondence and sought to engage in negotiations on behalf of Respondents. Ultimately those talks were not productive and Respondents have refused to appear in this proceeding.

5.      Petitioner seeks to recover its reasonable attorneys' fees and expenses incurred in connection with this confirmation proceeding. Those fees and expenses comprise fees and expenses of my firm, as well as those of Petitioner's local counsel at Friedman Kaplan Seiler & Adelman, LLP.

6.      My firm took the lead in drafting all documents in connection with the petition, including research, drafting, and finalizing the notice, petition, declaration, other supporting documents, and the motion for confirmation. The total amount of fees and expenses incurred by my firm in this proceeding to date is $27,319.90. The majority of the work on this matter was performed by me, with 57.65 hours at a rate of $425. The remainder of the work (less than 8 hours) was performed by other partners and associates with rates from $300 to $675. The remainder of the amount is Westlaw fees and mailing expenses. These are actual fees, costs, and expenses incurred by Petitioner.

7.      The Friedman Kaplan firm provided strategic advice and local support, including originally presenting the papers in court. This saved significant travel expenses for me to travel from San Francisco to New York. The total amount of fees and expenses (including filing fees) incurred by Friedman Kaplan in this proceeding to date is $11,793.70.

8.      The total amount of attorneys' fees, costs, and expenses incurred by Petitioner in the proceeding is $39,113.60.

9.      Should this Court request, Petitioner will submit the invoices supporting the fees, costs, and expenses it has incurred in this proceeding for *in camera* review.

10.     The Arbitrator in underlying Arbitration has already concluded that my firm's rates are reasonable. Among other things, the Arbitrator held:

> BraunHagey is a top-rated boutique law firm with attorneys experience in complex commercial litigation. Many of the firm's attorneys come from top-tier law firms and are former federal and state court law clerks. The biographies submitted reveal that all of the partners working on this matter have significant experience in commercial litigation. * * * The hourly rates charged by BraunHagey partners and associates are commensurate with the rates charged by attorneys in New York with comparable experience. Similar rates have been approved in years past in

>commercial litigation cases in the Southern District of New York [collecting cases].

(Award at 50, 52.)

    I declare under penalty of perjury under the laws of the State of New York and the United States that the foregoing is true and correct.

Dated: February 12, 2016

                                                        _____
                                                        Greg A. Call, Esq.