USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-25-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PIRATE BRANDS, LLC,

           Petitioner,

-v-

ROBERT EHRLICH, *et al.*,

           Respondents.

No. 15-cv-9898 (RJS)
JUDGMENT

RICHARD J. SULLIVAN, District Judge:

On February 12, 2016, Petitioner Pirate Brands, LLC filed a motion with the Court to confirm an arbitration award and attached a proposed judgment to be approved by the Court. (Doc. No. 15.) Respondents submitted a letter to the Court, dated February 17, 2016, in response to Plaintiff's motion, opposing only the proposed judgment's inclusion of attorneys' fees incurred in the confirmation proceeding before the Court. (Doc. No. 14.) Plaintiff's motion to confirm the arbitration award is GRANTED.

Generally, confirmation of an arbitral award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *N.Y.C. Dist. Council of Carpenters*, 2013 WL 5943986, at *2 (quoting *D.H. Blair*, 426 F.3d at 110) (internal citations omitted); *see also Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (holding that courts cannot review merits of arbitral awards entered into pursuant to agreement between employer and labor organization); *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) (noting that it is "well established that courts must grant an arbitration panel's decision great deference"). Thus, "the arbitrator's rationale for an award need

not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair*, 426 F.3d at 110 (citation and quotation marks omitted). Indeed, in order to confirm the award, "[o]nly a barely colorable justification for the outcome reached" is necessary. *N.Y.C. Dist. Council of Carpenters*, 2013 WL 5943986, at *2 (internal citations omitted).

Here, Respondents do not contest Petitioner's motion to confirm the arbitration award, except to the extent that Petitioner seeks attorneys' fees for this confirmation proceeding. Accordingly, IT IS HEREBY ORDERED THAT the Court confirms the arbitration award, including an award in the amount of $284,657.97 against Respondents jointly and severally for pre-arbitration attorneys' fees and expenses and other costs. IT IS FURTHER ORDERED THAT Petitioner's request for pre-judgment interest of 9% per year, from the date of the Award, September 4, 2015, to the date of the entry of this judgment is GRANTED and AWARDED against Respondents jointly and severally. IT IS FURTHER ORDERED THAT Petitioner's request for post-judgment interest at the statutory rate is GRANTED and AWARDED against Respondents jointly and severally. In light of the parties' disagreement over whether Petitioner is entitled to attorneys' fees incurred in this confirmation proceeding, IT IS FURTHER ORDERED THAT Petitioner shall submit a motion for attorneys' fees by March 9, 2016. Respondents shall submit their response by March 23, 2016, and Petitioner's reply, if any, shall be filed by March 30, 2016. The Clerk of the Court is respectfully directed to enter judgment against Respondent. SO ORDERED.

Dated: February 25, 2016
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE