UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PIRATE BRANDS, LLC,

                Petitioner,

v.

ROBERT EHRLICH; SEXYPOP POPCORN LLC, and RAGF, INC.,

                Respondents

Case No. 1:15-cv-09898 (RJS)

## RESPONDENTS' MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S MOTION FOR ATTORNEYS' FEES AND COSTS

Dated: New York, New York
       March 23, 2016

Kevin P. Conway, Esq.
Christina Simpson, Esq.
Conway & Conway
122 E 42nd St. Suite 1612
New York, New York 10168
(212)-938-1080

Counsel for Respondents Robert Ehrlich, SexyPop Popcorn, LLC and RAGF, Inc.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    II. STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        A. The Court previously confirmed the Arbitration Award which included Petitioner's attorneys' fees and costs for the arbitration and expressly denied all other costs and expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        B. Pursuant to the American rule the prevailing litigant is not ordinarily entitled to collect attorneys' fees from the losing party . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        C. The attorneys' fee and costs requested by the Petitioner are exorbitant and unreasonable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    IV.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

CASES                                                                                                          PAGE

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975) . . . . . . . . . . . . . . . . . . . . 5

*Bell Production Engineers Ass'n v. Bell Helicopter Textron*,
688 F.2d 997, 999 (5th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Cho v. Koam Medical Servs. P.C.*, 524 F. Supp. 2d 202 (E.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . 12

*Crossville Medical Oncology v. Glenwood Systems, LLC*, No. 14-5444 (6th Cir. 2015) . . . . . . 7, 8, 9

*Gotlieb v. Taco Bell Corp.*, 871 F. Supp 147 (E.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Interchem Asia 2000 PTE Ltd. v. Oceana Petrochemicals AG*,
373 F. Supp. 2d 340, 359 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*,
774 F.2d 43 (2d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9

*Int'l Union of Operating Eng'rs-Local 825 Emple. Benefit Funds v. George Fuller, Inc.*, 2010 U.S.
Dist. LEXIS 97729 (S.D.N.Y. Sep. 17, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Loeb v. Blue Star Jets, LLC*, 2009 WL 4906538 (S.D.N.Y. Dec. 17, 2009) . . . . . . . . . . . . . . . . . 7

*Menke v. Monchecourt*, 17 F.3d 1007 (7th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

*New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983) . . . . . . 12

*Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 562 (1986) . . . . . . . . . . . . . . . 11

*Sailfrog Software, Inc. v. Theonramp Group., Inc.*,
1998 WL 30100 (N.D. Cal. Jan. 20, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Scholobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . 6

*Trs. Of Empire State Carpenters Annuity v. C.M.K. Cont. Inc.*, No. CV 13-7005 (ADS) (AKT),
2015 U.S. Dist. LEXIS 32058 (E.D.N.Y. Feb. 9, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Willemijin Houdstermaatschappij, BV v. Standard Microsystems Corp.*,
103 F.3d 9 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**STATUTES**

9 U.S.C. §9

Fed. R. Civ. P. 4(c)(2)(D)

Fed. R. Civ. P. 11

Fed. R. Civ. P. 16(f)

Fed. R. Civ. P. 26(g)

Fed. R. Civ. P. 30(g)

Fed. R. Civ. P. 37(a)(4)

Fed. R. Civ. P. 37(c)

Fed. R. Civ. P. 37(d)

<u>**PRELIMINARY STATEMENT**</u>

Respondents Robert Ehrlich ("Mr. Ehrlich"), SexyPop Popcorn LLC ("SexyPop Popcorn"), and RAGF Inc. ("RAGF" or collectively "Respondents"), through their counsel, Conway & Conway, hereby submit Respondents' Opposition to Petitioner Pirate Brands, LLC, ("Pirate Brands" or "Petitioner") Motion for Attorneys' Fees and Costs.

## I. INTRODUCTION

Respondents oppose Petitioner's Motion for Attorneys' Fees and Costs, in the amount of $74,781.20, as Petitioner is not entitled to recover the attorneys' fees and costs it allegedly expended in this arbitral confirmation proceeding. Petitioner alleges that the terms of a 2013 Settlement Agreement ("Settlement Agreement") between the parties provides that it is entitled to recover the attorneys' fees and costs it expended thus far in this arbitral confirmation proceeding. *See Affirmation of Kevin P. Conway, Exhibit A*. However, the award rendered by the arbitrator in the JAMS Streamlined Arbitration on September 4, 2015 (the "Award") specifically grants the Petitioner attorneys' fees and costs and specifically denies any other further relief, including compensatory damages. *See Affirmation of Kevin P. Conway, Exhibit B*. Thus, this issue has already been decided by the arbitrator, and the judgment confirming this decision has been granted by this Court. Furthermore, the Petition to Confirm filed by the Petitioner was submitted uncontested, thus the alleged amount of attorneys' fees requested by the Petitioner in this confirmation proceeding is unreasonable and clearly unwarranted. Respondents wholly oppose the assertion that Petitioner is entitled to recover any additional attorneys' fees and costs, other than that amount that was awarded by the arbitrator in the JAMS Streamlined Arbitration Award rendered on September 4, 2015 (the "Award").

1

Initially, this Court already confirmed Petitioner's underlying arbitration award, which did not extend to this confirmation proceeding, nor did it grant Petitioner future attorneys' fees, costs or expenses in its submission to confirm the arbitration Award.

In addition, pursuant to the American rule[1], the prevailing litigant is not ordinarily entitled to collect attorneys' fees from the losing party, in absence of statutory authority.[2] *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985). Although a court may award attorneys' fees, it has only done so when opposing counsel acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* Here, Respondents have not acted in bad faith, vexatiously, wantonly, or for oppressive reasons in this confirmation proceeding. In fact, Respondents have acted in good faith during this entire confirmation proceeding but not contesting Petitioner's Petition to Confirm and causing it to incur unnecessary attorneys' fees. Thus, Petitioner is not entitled to recover attorneys' fees and costs.

Finally, a court may only grant reasonable attorney's fees and costs. Petitioner alleges that it expended $74,781.20 to file an uncontested Petition to Confirm and an uncontested Motion to Confirm. This arbitrarily picked number is wholly unreasonable and this Petitioner is clearly not entitled to recover this unreasonable amount in attorneys' fees and costs.

---

[1] The American rule is a legal rule controlling assessment of attorneys' fees arising out of litigation. The American rule contrasts with the English rule, under which the losing party pays the prevailing party's attorneys' fees. *Benson v. Am. Ultramar*, 92 Civ. 4420 (KMH)(NRB), 1997 U.S. Dis. LEXIS 8196, at *27 - 28 (S.D.N.Y. June 11, 1997). The Supreme Court described the rationale behind the American rule as "because litigation at best uncertain one should not be penalized for merely defending or prosecuting a lawsuit..." *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967)

[2] "In New York, the American rule is applied to every case, regardless of subject matter, unless an exception is specified by statute or contract." *Benson v. Am. Ultramar*, 92 Civ. 4420 (KMH)(NRB), 1997 U.S. Dis. LEXIS 8196, at *45 (S.D.N.Y. June 11, 1997).

Accordingly, Respondents respectfully request that the Court deny Petitioner all attorneys' fees and costs incurred for the Petition to Confirm, the Motion to Confirm the Award, and this current Motion for Attorneys' Fees and Costs.

## II. STATEMENT OF FACTS

Respondent Robert Ehrlich is the founder of Robert's American Gourmet Food LLC, now Pirate Brands, LLC ("Pirate Brands"). Mr. Ehrlich has devoted more than two decades of his career to the development of consumer snack foods. By providing snack foods to a variety of consumers, Mr. Ehrlich has developed a loyal following from a large demographic of people. He is passionate about his trade and takes great pride in it.

In 1986, Mr. Ehrlich founded Robert's American Gourmet Food, LLC, which developed and marketed the successful snack food known as "Pirates Booty," among other products. In May of 2008, Mr. Ehrlich sold 80% of Robert's American Gourmet Food, LLC to VMG Partners, LLC and Driven Capital Management, LLC. Mr. Ehrlich retained 20% of Robert's American Gourmet Food, LLC through his company, Respondent RAGF. Additionally, Mr. Ehrlich signed a five-year employment agreement with Robert's American Gourmet Food, LLC. In 2013, Mr. Ehrlich resigned from Robert's American Gourmet Food, LLC.

In mid-2013, Mr. Ehrlich began preliminary work on a new product called "SexyPop," and founded Respondent SexyPop Popcorn, consisting of various flavors of popped popcorn. On or around October 30, 2013, Pirate Brands initiated a New York State Article 75 proceeding against Mr. Ehrlich alleging a breach of a 2008 Purchase and Sales Agreement. On or around November 12, 2013, Pirate Brands filed a temporary restraining order against Mr. Ehrlich, which was later enforced by the court.

This conflict resulted in the 2013 Settlement Agreement between Mr. Ehrlich, SexyPop Popcorn, RAGF, and 100 Roslyn Avenue, LLC[3] in November 2013. Pirate Brands, LLC (formerly named Robert's American Gourmet Food, LLC), was a third party beneficiary to this agreement.

On or about May 8, 2015 Petitioner initiated a JAMS Streamlined Arbitration, which is the subject of this instant action, against Respondents alleging a breach of the 2013 Settlement Agreement. On or about August 10, 2015 the arbitrator issued the Award in favor of the Petitioner, awarding Petitioner $246,872.13 for its reasonable attorneys' fees and $34,836.48 for its costs and expenses. A Final Amended Awarded was issued on September 4, 2015. The Arbitrator, however, declined to award Petitioner any compensatory damages.

Petitioner then filed a Petition to Confirm the Award on December 18, 2015. During this time period between August 10, 2015 and December 18, 2015, Respondents underwent a highly contentious relationship with its counsel whereby its counsel failed to adequately represent the best interests of the Respondents. Thus, prior to Petitioner filing its Petition to Confirm the Arbitration Award, Respondents terminated its prior counsel and hired new counsel: the undersigned Conway and Conway.

On or about February 16, 2016, Petitioner filed a Motion to Confirm the Award and included a Proposed Judgment that asked this Court to grant Petitioner attorneys' fees, costs and expenses incurred in this instant confirmation proceeding in the amount of $39,113.60. Respondents newly retained counsel partially contested the Motion to Confirm only insofar as the request for additional attorneys' fees and costs allegedly incurred in seeking to confirm the Award.

---

[3] 100 Roslyn Avenue, LLC is a limited liability company that at the time was the landlord of property leased to Pirate Brands, LLC and is not a party to the current litigation.

On February 25, 2016, the Court issued judgment confirming the Award; reserved ruling on Petitioner's request for the attorneys' fees and costs incurred in these confirmation proceedings, and directed Petitioner to file a separate Motion for Attorneys' Fees and Costs. *Affirmation of Kevin P. Conway, Exhibit C.*

### III. ARGUMENT
#### A. The Court previously confirmed the Arbitration Award which included Petitioner's attorneys' fees and costs for the arbitration and expressly denied all other costs and expenses.

Petitioner argues that because the Settlement Agreement signed between the parties provides that "the prevailing party shall be entitled to recover any and all reasonable attorneys' fees and expenses and other costs, including without limitations the costs of the arbitration, incurred in the enforcement of the terms of this Settlement Agreement," they are not only entitled to attorneys' fees and costs incurred during the arbitration, but also the attorneys' fees and costs incurred in this current post-arbitration confirmation proceeding. *See Kevin P. Conway Affirmation Exhibit A.* The general rule is that "absent statutory authorization or contractual agreement between the parties, each party in federal litigation pays his own attorneys' fees." *Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994), citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975). Here, although there is no relevant statutory authority, there is a provision in the Settlement Agreement providing for attorneys' fees and costs in the event an arbitration is brought to enforce the terms of the Settlement Agreement. However, the Petitioner misconstrues this provision as being broad enough to cover all future actions subsequent to the arbitration.

The United States District Court has a very limited role in a confirmation proceeding brought under the Federal Arbitration Act. Section 9 of the Act which specifically states that the district court must confirm the award unless it finds that the award should be vacated, modified

5

or corrected pursuant only to specifically enumerated grounds in 9 U.S.C. §§10, 11. *See* 9 U.S.C. §9. Here, the arbitration Award expressly states that

> 18. Claimant's Application for Final Approval of Attorneys' Fees, Expenses and Other Costs, is granted to the extent that the Claimant is awarded $246,872.13 for its reasonable attorneys' fees and $34,836.48 for its costs and expenses, **and otherwise the application is denied.** (emphasis added)

Thus, on this basis alone, an award of additional attorneys' fees and costs not provided for in the Arbitration Award would exceed the authority of the court. Furthermore, by adding the language of "otherwise the application is denied," it appears the arbitrator already contemplated a request for additional attorneys' fees and costs other than what was already granted in this Award. By denying any other attorneys' fees and costs, the issue of whether Petitioners are entitled to recover any attorneys' fees and costs in this confirmation proceeding has already been decided by the arbitrator, who expressly denied such a request.

Furthermore, although a court may award attorney's fees and costs, the United States Court of Appeals of the Fifth and Seventh Circuits have suggested that for a district court to include an additional award of attorneys' fees it would "judicialize" the arbitration process and constitute an unauthorized modification of the arbitrators' award. *See Scholobohm v. Pepperidge Farm, Inc.,* 806 F.2d 578 (5th Cir. 1986). *See also Menke v. Monchecourt,* 17 F.3d 1007, 1010 (7th Cir. 1994). The courts held that when an entire dispute, including the award of attorneys' fees, is submitted to arbitration the district court is not free to consider whether an additional award of attorneys' fees would be appropriate. Doing so would be an unwarranted modification of the arbitrators' award inconsistent with its limited review under the Federal Arbitration Act. *See Id.*

Additionally, it would be improper to include attorneys' fees as recoverable costs pursuant to Fed. R. Civ. P. 4(c)(2)(D). "Judicially amending the Federal Rules of Civil Procedure

to provide for attorneys' fees is wholly inappropriate where Congress has adequately demonstrated its ability to expressly provide for such an award when and if it should see fit. *e.g.,* Rules 11, 16(f), 26 (g), 30(g), 37(a)(4), 37(c), and 37(d) (in each instance, the phrase "including attorneys' fees" follows any other language awarding costs or expenses). Allowing attorneys' fees to be included in recoverable costs pursuant to Fed. R. Civ. P. 4(c)(2)(D) would make every defendant who is liable for costs automatically liable for attorneys' fee. *See Menke v. Monchecourt,* 17 F.3d 1007, 1011 (7th Cir. 1994).

Further, Petitioner cites various case law where courts have interpreted fee shifting provisions to extend to attorneys' fees and costs incurred in proceedings other than the arbitration itself, most notably *Loeb v. Blue Star Jets, LLC,* 2009 WL 4906538 (S.D.N.Y. Dec. 17, 2009). There the agreement between the parties included two express provisions:

> [t]he Client understands and agrees that any breach of this Agreement, or any action, cause, claim, damage, demand, or liability arising from his or her breach of this Agreement, could make him or her liable in a complaint, cross-complaint or counterclaim for all resulting damages, including attorneys' fees and legal expenses. *Id.*

> [a]ny dispute arising out of, in connection with, or in relation to this agreement or the making or validity thereof or its interpretation of any breach thereof shall be determined and settled by arbitration in New York City by a sole arbitrator ... and any award rendered therein shall be final and conclusive upon the parties, and a judgment thereon may be entered in the highest court of the forum, state or federal, having jurisdiction. *Id.*

The court held that this broad fee shifting provision allowed for the prevailing party to recover attorneys' fees, costs and expenses in the confirmation proceeding which occurred after the arbitration. However, the case at bar can be distinguished and is more comparable to the 6th Circuit case of *Crossville Medical Oncology v. Glenwood Systems, LLC,* No. 14-5444 (6th Cir. 2015).

There, the Settlement Agreement contained the following clause:

> ... Any dispute arising out of or in connection with this Agreement, if not otherwise resolved, shall be determined by arbitration in New Haven County, Connecticut, in accordance with the Rules of American Arbitration Association and it is the express desire of the parties that the prevailing party be awarded costs and attorneys' fees and the award be entered as a judgment in any jurisdiction in which the non-prevailing party does business. *Id* at 5.

The court there held that this provision "only authorizes an *arbitrator* to award attorneys' fees and costs during *arbitration*, and authorizes the district court to enter the award as a judgment," and went on to further conclude that "Arbitration proceedings, and subsequent confirmation, operate such that arbitrators make an 'award' and judges 'enter,' as 'judgments,' arbitration 'awards.'" *Id* at 6. Thus, the court held that this provision of the Settlement Agreement does not apply to post-arbitration attorneys' fees in subsequent proceedings and litigation. *See Id*. The court also compared the provision in *Crossville Medical* to that in *Sailfrog Software, Inc. v. Theonramp Group., Inc.*, 1998 WL 30100 (N.D. Cal. Jan. 20, 1998), where the provision broadly extended a recovery of attorneys fees and costs to "any action at law or in equity brought for breach of [the Agreement] or is necessary to enforce the terms of this agreement." The court there stated that this provision clearly extended to proceedings than the arbitration.

The provision in the instant action is comparable to that in *Crossville Medical*. The Settlement Agreement between the parties provides in part:

> All disputes under, concerning or related to this Settlement Agreement shall be submitted for confidential, final and binding arbitration to be conducted in New York, New York before JAMS, in accordance with the JAMS Streamlined Arbitration rules in place at time ... arbitration shall be the exclusive means for resolving any dispute under, concerning, or relating to this Settlement Agreement. Any award or judgment rendered by JAMS may be entered in any court of competent jurisdiction. In the event of arbitration or litigation, the prevailing party shall be entitled to recover any and all reasonable attorneys fees and expenses and other costs, in including without limitation the costs of arbitration, incurred in the enforcement of the terms of this Settlement Agreement.

This provision is not as broad as the one provided for in *Sailfrog*, which used the all-encompassing term "any action at law or in equity." Further, the wording of this provision expressly states that arbitration is the exclusive remedy, allowing for the award or judgment to be entered by a court of competent jurisdiction, as did the provision in *Crossville Medical*. This does not imply that a court can do anything else, such as award attorneys' costs and fees in a proceeding to confirm the arbitration award.

Thus, Petitioner is incorrect in construing this provision of the parties' Settlement Agreement to extend to actions occurring after the arbitration, and is not entitled to the additional attorneys' fees and costs incurred in this confirmation proceeding.

### B. Pursuant to the American rule the prevailing litigant is not ordinarily entitled to collect attorneys fees from the losing party.

Petitioner's second contention is that the attorneys' fees and costs for this confirmation proceeding are recoverable because Respondents have "failed to pay an arbitral award and failed to respond to the petition to confirm the award." ***Petitioner's Memorandum of Law in Suppoert of Motion for Attorneys' Fees and Costs,* page 7, citing *Angel Construction*, 2009 WL 256009, at page 3.** The guiding rule for determining who shall bear attorneys' fees and costs in any proceeding, as mentioned prior, is the American Rule. Pursuant to the American rule, "attorneys' fees cannot be recovered by the successful party in the absence of statutory authority for the award." *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985). There is no applicable statute in this instant case that provides for attorney's fees in actions to confirm and enforce an arbitrator's award, only the Settlement Agreement which Respondents have already demonstrated does not extend to post-arbitration proceedings.

However, due to its inherent equitable powers, a court may award attorneys' fees when the opposing counsel acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985). "The general rule under the Federal Arbitration Act, 9 U.S.C.S. §1 et. seq. appears to be that refusals to pay an award must be made in bad faith before attorney's fees for confirmation proceeds are awardable." *Interchem Asia 2000 PTE Ltd. v. Oceana Petrochemicals AG*, 373 F. Supp. 2d 340, 359 (S.D.N.Y. 2005). Simply alleging that Respondents' failure to pay the award ten (10) days after the judgement is insufficient to demonstrate an action of bad faith. Respondents' decision not to contest the Petition to Confirm and Motion to Confirm were not made in bad faith, rather Respondents argue that this decision was made in good faith. Instead of opposing Petitioner's Petition to Confirm by making frivolous arguments in an attempt to cause them to unnecessarily incur attorneys' fees and costs to respond to this opposition, Respondents chose to accept the arbitration Award for what it was and was simply waiting for a valid and enforceable judgment.

Furthermore, Petitioner alleges that Respondents refused to abide by the arbitrator's award without justification. The guiding principle as applicable to suits for the confirmation and enforcement of arbitration awards has been stated as follows: "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and cost may be properly awarded. *Bell Production Engineers Ass'n v. Bell Helicopter Textron*, 688 F.2d 997, 999 (5th Cir. 1982). Here, Respondents have not refused to abide by the JAMS Arbitration award without justification. An arbitration award is not a judgment and must be confirmed for it to be enforceable. Thus, Respondents were not and are not legally obligated to abide by this award until after it has been confirmed. Additionally, prior to the end of the arbitration, Respondents

had a serious conflict with their previous legal counsel who was not providing adequate representation to Respondents. After irreparable differences, Respondents and their legal counsel parted ways and thus Respondents did not have any legal counsel for a substantial period of time. During this time period, Respondents were uncomfortable stipulating to anything with Petitioner out of fear for a lack of understanding, and therefore declined to leap to any decisions pertaining to the award without adequate representation.

Because Respondents have not acted in bad faith or refused to abide by the arbitrator's award without justification, Petitioner is not entitled to additional attorneys' fees and costs incurred in this confirmation proceeding.

### C. The attorneys' fees and costs requested by the Petitioner are exorbitant and unreasonable.

Finally, the Petitioner alleges that that the requested attorneys' fees in this instant Motion for Attorneys' Fees and Costs for this confirmation proceeding are reasonable, and thus they are entitled to $74,781.20. While Courts may use its discretion in awarding attorneys' fees to the prevailing party, however the Supreme Court has held that the attorneys' fee must be "reasonable." *Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 562 (1986). In determining reasonableness, New York courts employ the method known as the "lodestar" approach, which involves 2 steps.

Here, Petitioner has requested attorneys' fees and costs in the amount of $74, 781.20, and provides wholly redacted legal bills as an attempt to demonstrate this amount. Using the lodestar method to determine whether the amount of $74,781.20 for this confirmation is a reasonable amount will show that this request is absurd for the work that should have been expended on this instant issue. The standard is as follows.

First the court must determine the "lodestar" by calculating the number of hours spent on a case by a reasonable hourly rate of compensation for each attorney involved. *Gotlieb v. Taco Bell Corp.,* 871 F. Supp 147 (E.D.N.Y. 1994). Here, Petitioner asserts that there were four attorneys working on the confirmation proceeding at rates between $300/hour and $675/hour. Therefore, Petitioner is basically alleging that attorneys allocated between 110 hours and 249 hours on this Petition to Confirm, which was submitted uncontested. That is a ridiculous and nearly impossible assertion. A firm such as BraunHagey should not take between 110 and 249 hours to draft, finalize and file a simple Petition to Confirm. Nor was there any work required after the Petition to Confirm was filed, as it, once again, was submitted uncontested. It was not until Petitioner's Motion to Confirm where it asked for attorneys' fees and costs in this present action, when Respondents objected, and only to that portion of the Motion to Confirm. Thus, spending between 110 to 249 hours on this matter is unreasonable and wholly unnecessary.

The second step in implementing the reasonableness standard, is to use the lodestar figure as a starting point, then the court can make adjustments by taking into consideration the following factors: 1) the complexity and difficulty of the case; (2) the expertise of the counsel; 3) the necessary resources to prosecute the case effectively; and 4) the results achieved. *Id.* "The party seeking reimbursement of attorneys' fees must demonstrate the reasonableness and necessity of hours spent and rates charged." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136 (2d Cir. 1983). "A court should exclude hours that were excessive, redundant, or otherwise unnecessary to the litigation…" *Cho v. Koam Medical Servs. P.C.,* 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007).

The first factor to take into consideration is the complexity and difficulty of the case. Courts have held that "[c]onfirmation of an arbitration award is a summary proceeding that

merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *Int'l Union of Operating Eng'rs-Local 825 Emple. Benefit Funds v. George Fuller, Inc.,* 2010 U.S. Dist. LEXIS 97729, at *8 (S.D.N.Y. Sep. 17, 2010). A court's review of an arbitration award is "severely limited" so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation. *Willemijin Houdstermaatschappij, BV v. Standard Microsystems Corp.,* 103 F.3d 9, 12 (2d Cir. 1997). In fact, a court held in 2015 that the appropriate attorneys' fees for services rendered in an enforcement proceeding to be $1,257.00. *Trs. Of Empire State Carpenters Annuity v. C.M.K. Cont. Inc.,* No. CV 13-7005 (ADS) (AKT), 2015 U.S. Dist. LEXIS 32058, at *35 (E.D.N.Y. Feb. 9, 2015). In this instant action, Respondents did not contest Petitioner's Petition to Confirm or Petitioner's Motion to Confirm, thus the work required for the Petition to Confirm was severely limited, hardly amounting to the initial $39,113.60 alleged by the Petitioner in its Petition to Confirm. Similarly, the additional $35,667.60 requested in this Motion for Attorneys' Fees and Costs is grossly unnecessary and excessive for a Motion for Attorneys' Fees and Costs, which again, also does not require an extensive amount of work to complete. Furthermore, the extensively redacted legal bills provided by the Petitioner adds no insight into what was supposedly required of them for the Petition to Confirm. In addition, the redactions make it impossible to determine whether or not the time billed for "reviewing [redacted]" is reasonable.

The second factor to consider is the expertise of the counsel. Petitioner asserts that there were four attorneys working on the confirmation process at rates between $300/hour and $675/hour and allocate almost three (3) entire pages to outlining the expertise and background of each of the attorneys who worked on this matter. Additionally, Petitioner asserts that local

counsel in New York was also retained "to provide strategic advice and local support, including filing the Petition and seeking an order sealing the proceedings," in addition to the purpose of saving time and travel expenses. *Petitioner's Memorandum of Law in Support of Motion for Attorneys' Fees and Costs*, page 11. Here, again, the Petition to Confirm went uncontested, so the need for two firms, in two different areas of the country, to work on a single uncontested Petition to Confirm is unbeknownst to the Respondents. Furthermore, because the Petition to Confirm went uncontested there was no need for Petitioner's counsel to travel back and forth between California and New York, as there were no court appearances. It should also be added, that three out of the four attorneys listed on the "BraunHagey team" are licensed to practice in New York State, thus hiring outside counsel to prepare and file a Petition to Confirm, which was filed electronically, was wholly unnecessary.

The third factor courts take into consideration is the necessary resources to prosecute the case effectively. Again, at issue here are attorneys' fees for a Petition to Confirm, which courts have held are not complex matters. Thus, there is no need for extensive resources to draft, finalize and file a simple Petition to Confirm, especially when that petition has gone uncontested.

The final factor taken into consideration by the courts are the results achieved. The arbitrator has already concluded in the JAMS Arbitration that Petitioner is not entitled to compensatory damages, rather the arbitrator awarded Petitioner declaratory relief and attorney fees and costs in the amount of $284,567.97. *See Kevin P. Conway Affirmation Exhibit B*. The arbitrator expressly denied any further relief requested by the Petitioner. This Court confirmed this award on February 25, 2016. *See Kevin P. Conway Affirmation Exhibit C*. To now ask for an additional $74, 781.20 in attorneys' fees and costs that were allegedly incurred in this

confirmation proceeding, after already having been awarded $284,567.97 is ridiculous and an insult to Respondents.

Petitioner's request for an exorbitant and unreasonable amount in attorneys' fees, is unsupported by the law or facts of this case. Therefore, Petitioner is not entitled to additional fees and costs incurred in this confirmation proceeding.

## CONCLUSION

For the foregoing reasons, Respondents respectfully request that the Court deny Petitioner all attorneys' fees and costs incurred for the Petition to Confirm, the Motion to Confirm the Award, and this current Motion for Attorneys' Fees and Costs.

Dated: New York, New York
       March 23, 2016

Respectfully submitted,

*[signature]*

Kevin P. Conway, Esq.
Christina Simpson, Esq.
Conway & Conway
122 E 42nd St. Suite 1612
New York, New York 10168
(212)-938-1080

Counsel for Respondents Robert
 Ehrlich, SexyPop Popcorn, LLC and
 RAGF, Inc.