UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PIRATE BRANDS, LLC,

                Petitioner,

v.

ROBERT EHRLICH; SEXYPOP POPCORN LLC, and RAGF, INC.,
                Respondents

Case No. 1:15-cv-09898 (RJS)

## AFFIRMATION OF KEVIN P. CONWAY IN OPPOSITION TO PETITIONER'S MOTION FOR ATTORNEYS' FEES AND COSTS

KEVIN P. CONWAY, an attorney duly admitted to practice before this Court, hereby affirms under penalty of perjury as follows:

1. I am the managing attorney at Conway & Conway, attorneys for the Respondents Robert Ehrlich ("Mr. Ehrlich"), SexyPop Popcorn, LLC ("SexyPop"), and RAGF, Inc. ("RAGF"). I respectfully submit this Affirmation in Opposition to Petitioner's Motion for Attorneys' Fees and Costs.

2. Respondent Mr. Ehrlich is the founder of Robert's American Gourmet Food LLC, now Pirate Brands, LLC ("Pirate Brands"), SexyPop and RAGF.

3. Mr. Ehrlich has devoted more than two decades of his career to the development of consumer snack foods. By providing snack foods to a variety of consumers, Mr. Ehrlich has

developed a loyal following from a large demographic of people. He is passionate about his trade and takes great pride in it.

4. In 1986, Mr. Ehrlich founded Robert's American Gourmet Food, LLC, which developed and marketed the successful snack food known as "Pirates Booty," among other products. The name of this company was later changed to Pirate Brands, LLC.

5. In May of 2008, Mr. Ehrlich sold 80% of Robert's American Gourmet Food, LLC to VMG Partners, LLC and Driven Capital Management, LLC. Mr. Ehrlich retained 20% of Robert's American Gourmet Food, LLC through his company, Respondent RAGF. Additionally, Mr. Ehrlich signed a five-year employment agreement with Robert's American Gourmet Food, LLC.

6. In 2013, Mr. Ehrlich's employment agreement with Robert's American Gourmet Food, LLC terminated and Mr. Ehrlich resigned.

7. In mid-2013, Mr. Ehrlich began preliminary work on a new product called "SexyPop." As a result of Mr. Ehrlich's efforts, he founded Respondent SexyPop Popcorn, which develops and promotes various flavors of popped popcorn.

8. On or around October 30, 2013, Pirate Brands initiated a New York State Article 75 proceeding against Mr. Ehrlich alleging a breach of a 2008 Purchase and Sales Agreement between the parties.

9. On or around November 12, 2013, Pirate Brands filed a temporary restraining order against Mr. Ehrlich. This temporary restraining order was later enforced by the court.

10. This conflict between Mr. Ehrlich and Pirate Brands resulted in a settlement agreement between Mr. Ehrlich, SexyPop Popcorn, RAGF, and 100 Roslyn Avenue, LLC[1] in November 2013 (the "2013 Settlement Agreement"). **See Exhibit A.** Pirate Brands, LLC was a third party beneficiary to this agreement.

11. On or about May 8, 2015 Petitioner initiated a JAMS Streamlined Arbitration, which is the subject of this instant action, against Respondents alleging a breach of the 2013 Settlement Agreement.

12. On or about August 10, 2015 the arbitrator issued an award (the "Award") granting the Petitioner declaratory relief and awarding Petitioner $246,872.13 for its reasonable attorneys' fees and $34,836.48 for its costs and expenses. **See Exhibit B.** The Arbitrator, however, declined to award Petitioner any compensatory damages. The arbitrator issued a Final Amended Award reflecting this on September 4, 2015.

13. At around this time, discord arose between Respondents and their current counsel, as Mr. Ehrlich felt as though his counsel was not adequately representing both his personal interests and the interests of each of his companies. Thus, Respondents went without adequate representation until on or about December 2015.

14. On or about December 18, 2015, Petitioner filed a Petition to Confirm the Award.

15. Upon Petitioner filing its Petition to Confirm, Respondents officially terminated its prior counsel and retained our firm on December 28, 2015.

16. On or about February 16, 2016, Petitioner filed a Motion to Confirm the Award and included a Proposed Judgment that asked this Court to grant Petitioner attorneys' fees, costs and expenses incurred in this instant confirmation proceeding in the amount of $39,113.60.

---

[1] 100 Roslyn Avenue, LLC is a limited liability company that at the time was the landlord of property leased to Pirate Brands, LLC and is not a party to the current litigation.

3

Respondents newly retained counsel partially contested the Motion to Confirm only insofar as the request for additional attorneys' fees and costs allegedly incurred in seeking to confirm the Award.

17. On or about February 25, 2016, the Court issued judgment confirming the Award; reserved ruling on Petitioner's request for the attorneys' fees and costs incurred in these confirmation proceedings, and directed Petitioner to file a separate Motion for Attorneys' Fees and Costs. **See Exhibit C.**

18. On or about March 9, 2016, Petitioner filed a Motion for Attorneys Fees and Costs, requesting that this Court grant it $74, 781.20 in attorneys' fees and costs that were allegedly incurred in this confirmation proceeding.

19. Respondents wholly oppose the assertion that Petitioner is entitled to recover any additional attorneys' fees and costs, other than that amount that was awarded by the arbitrator in the JAMS Streamlined Arbitration Award rendered on September 4, 2015.

20. First, the Settlement Agreement between the parties does not provide for an award of attorneys' fees and costs for post-arbitration proceedings.

21. Secondly, the issue of attorneys' fees and cost for this confirmation proceeding has already been considered and decided by the arbitration panel in the JAMS Action, where the Award specifically grants the Petitioner $284, 567.97 in attorneys' fees and costs, and denies any other further requests.

22. Finally, the amount requested by the Petitioner in attorneys' fees and costs is exorbitant and unreasonable in comparison to the amount of work that is required in a confirmation proceeding, especially when the Petition to Confirm is uncontested, as was the one in the instant action.

23. For the reasons set forth in this Affirmation and the Memorandum of Law, Respondents respectfully request that this Court deny Petitioner's Motion for Attorneys' Fees and Costs in its entirety.

DATED: New York, NY
March 23, 2016

Respectfully submitted,

Kevin P. Conway, Esq.
Conway & Conway
Attorney for Respondents
122 East 42nd Street, Suite 1612
New York, NY 10168
Tel: 212-938-1080
Fax: 212-938-1207