UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PIRATE BRANDS, LLC,

                Petitioner,

v.

ROBERT EHRLICH; SEXYPOP POPCORN LLC, and RAGF, INC.,

                Respondents

Case No. 1:15-cv-09898 (RJS)

STATE OF NEW YORK    )
                               ) SS.
COUNTY OF NEW YORK  )

ROBERT EHRLICH, being duly sworn, deposes and says that:

1. I am a Respondent in this action and I am fully aware of the facts set forth herein and submit this affidavit.

2. I have devoted more than two decades of my career to the development of consumer snack foods and have developed a loyal following from a large demographic of people.

3. I founded Robert's American Gourmet Food, LLC, now known as Pirate Brands, LLC ("Pirate Brands") in 1986. I developed and marketed the successful snack food known as "Pirates Booty," as well as various other products.

4. In 2008, I sold 80% of Robert's American Gourmet Food, LLC to VMG Partners, LLC and Driven Capital Management, LLC. I retained 20% of Robert's American Gourmet Food, LLC through my company of RAGF, Inc., which is also a Respondent in this action.

5. In addition to selling 80% of Robert's American Gourmet Food, LLC, I also signed a five-year employment agreement with Robert's American Gourmet Food, LLC.

6. In 2013, I left Robert's American Gourmet Food, LLC permanently.

7. In the middle of 2013, I founded SexyPop Popcorn LLC, also a Respondent in this action, and began working on a new snack food product called "SexyPop." SexyPop consists of various flavors of popped popcorn.

8. On or around October 30, 2013, Pirate Brands initiated a New York State Article 75 proceeding against me alleging that I breached a 2008 Purchase and Sales Agreement.

9. Pirate Brands filed a temporary restraining order against me on or around November 12, 2013. The court later enforced this temporary restraining order.

10. As a result of this conflict with Pirate Brands, I signed a Settlement Agreement with SexyPop Popcorn, RAGF, and 100 Roslyn Avenue, LLC[1] in November 2013. Pirate Brands, LLC (formerly named Robert's American Gourmet Food, LLC), was a third party beneficiary to this agreement.

11. On or about May 8, 2015 Petitioner initiated a JAMS Streamlined Arbitration, which is the subject of this instant action, against me alleging that I breached the 2013 Settlement Agreement.

12. On or about August 10, 2015 the arbitrator issued an Award in favor of the Petitioner, awarding Petitioner declaratory relief and $246,872.13 for its reasonable attorneys'

---

[1] 100 Roslyn Avenue, LLC is a limited liability company that at the time was the landlord of property leased to Pirate Brands, LLC and is not a party to the current litigation.

fees and $34,836.48 for its costs and expenses, for a total of $284,567.97. The Arbitrator, however, declined to award Petitioner any compensatory damages and specifically denied any other relief.

13. Petitioner then filed a Petition to Confirm the Award on December 18, 2015. During this time period between August 10, 2015 and December 18, 2015, I underwent a highly contentious relationship with my counsel. I believe my counsel was failing to adequately represent the best interests of the my companies and myself. Thus, prior to Petitioner filing its Petition to Confirm the Arbitration Award, I terminated my prior counsel and hired new counsel: the undersigned Conway and Conway.

14. I also chose not to contest the Petition to Confirm the Arbitrator's award, so as to not incur additional and excessive attorneys' fees and costs, on both sides.

15. On or about February 16, 2016, Petitioner filed a Motion to Confirm the Award and included a Proposed Judgment that requested this Court to grant Petitioner attorneys' fees, costs and expenses incurred in this instant confirmation proceeding in the amount of $39,113.60. At this time my newly retained counsel partially contested the Motion to Confirm only insofar as the request for additional attorneys' fees and costs allegedly incurred in seeking to confirm the Award, as I believed that this amount was wholly inappropriate and excessive.

16. On February 25, 2016, the Court issued judgment confirming the Award, but reserved ruling on Petitioner's request for the attorneys' fees and costs incurred in these confirmation proceedings. The court directed Petitioner to file a separate Motion for Attorneys' Fees and Costs.

17. On March 9, 2015, Petitioner filed its Motion for Attorneys' Fees and Costs, and requested that the court award it attorneys' fees and costs in the amount of $74,781.20.

18. I respectfully request that this Court deny Petitioner all attorneys' fees and costs incurred for the Petition to Confirm, the Motion to Confirm the Award, and this current Motion for Attorneys' Fees and Costs, as such amounts are excessive, exorbitant and unreasonable.

Dated: New York, New York
March 23, 2016

Respectfully submitted,

_____
Robert Ehrlich

Sworn to before me this the 23th day of March, 2016.

_____
Notary Public

**Myra D'Agosto**
Notary Public, State of New York
No. 01DA6327993
Qualified in Nassau County
Commission Expires July 20, 2019

4