UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PIRATE BRANDS, LLC,

                          Petitioner,

    -v-

ROBERT EHRLICH, *et al.*,

                          Respondents.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  4·29·16
```

No. 15-cv-9898 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

On December 18, 2015, Petitioner Pirate Brands, LLC initiated this action to confirm an arbitration award.  (Doc. No. 1.)  On February 12, 2016, Petitioner filed a motion with the Court to confirm the arbitration award and attached a proposed judgment to be approved by the Court.  (Doc. No. 15.)  Respondents, who had not previously entered a notice of appearance in this case, submitted a letter to the Court, dated February 17, 2016, in response to Petitioner's motion, opposing only the proposed judgment's inclusion of attorneys' fees incurred in the confirmation proceeding before the Court.  (Doc. No. 14.)  On February 25, 2016, the Court issued a judgment confirming the arbitration award and ordering briefing on the issue of attorneys' fees in this proceeding.  (Doc. No. 20.)  Now before the Court is Petitioner's motion for attorneys' fees and costs incurred in the confirmation proceeding before the Court.  For the reasons stated below, the motion is granted.

Generally, "in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award."  *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985).  However, courts have held that a

prevailing party may recover fees incurred in a confirmation proceeding when an agreement between the parties provides for such fees. *See Loeb v. Blue Star Jets, LLC*, No. 09-cv-7858 (SAS), 2009 WL 4906538, at *3 (S.D.N.Y. Dec. 17, 2009); *see also Trans-Asiatic Oil Ltd. S.A. v. UCO Marine Int'l Ltd.*, 618 F. Supp. 132, 137 (S.D.N.Y. 1985) ("An exception to this rule is the existence of an agreement between the parties that legal fees are recoverable."). Moreover, "[p]ursuant to its inherent equitable powers . . . a court may award attorney's fees when the opposing counsel acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Int'l Chem. Workers Union, Local No. 227*, 774 F.2d at 47 (quoting *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.,* 417 U.S. 116, 129 (1974)). In the context of confirmation proceedings, "the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Int'l Chem. Workers Union,* 774 F.2d at 47 (internal citations and quotations omitted). Here, the Court finds that Petitioner is entitled to fees for two reasons.

First, the Court concludes that Petitioner is entitled to attorneys' fees and costs related to this confirmation proceeding based on a provision in the underlying contract (the "Settlement Agreement"). The relevant provision entitles a prevailing party "[i]n the event of arbitration or litigation" to fees and costs "including without limitation the costs of the arbitration, incurred in the enforcement of the terms of this Settlement Agreement." (Doc. No. 4-1 § 22.) Respondents rely on a Sixth Circuit case, *Crossville Med. Oncology, P.C. v. Glenwood Sys., LLC*, 610 F. App'x 464, 469 (6th Cir. 2015), to argue that this provision does not allow a court to award fees incurred in a confirmation proceeding. In *Crossville*, the court declined to award attorneys' fees for an enforcement proceeding because the narrow attorneys' fees clause only authorized the arbitrator to award fees. In so concluding, the court specifically distinguished another case,

2

*Sailfrog Software, Inc. v. Theonramp Grp., Inc.*, No. 97-cv-7014 (SW), 1998 WL 30100, at \*5 (N.D. Cal. Jan. 20, 1998), which more closely resembles this action.  Just as in *Sailfrog* – where the attorneys' fees provision allowed for fees incurred in "any action at law or in equity . . . to enforce the terms of the agreement" – the provision here contemplates both litigation and arbitration and refers broadly to the "enforcement of the terms of this Settlement Agreement." The Court finds that this broad provision unquestionably includes the present proceeding for confirmation of the arbitration award because it is "litigation . . . incurred in the enforcement of the terms of this Settlement Agreement."  As such, the Court has little difficulty concluding that, as in *Sailfrog*, the Settlement Agreement allows for the recovery of fees and costs in this subsequent confirmation proceeding.

The Court is also unpersuaded by Respondents' argument that an award of fees and costs is prohibited by the arbitration award.  Respondents focus on the arbitrator's statement, in awarding attorneys' fees and costs incurred during the arbitration, that "otherwise the application [for fees] is denied."  (Doc. No. 4-4 at 69.)  However, Respondents omit the relevant fact that Petitioner had not yet sought fees for subsequent enforcement proceedings in the arbitration because such proceedings had not yet occurred – and might never have occurred had Respondents complied with the arbitration award.  Indeed, the arbitration award simply does not address the issue of attorneys' fees and costs in later litigation to confirm the award and thus the Court must rely on the contract between the two parties, which does address such fees and costs. *See Loeb*, 2009 WL 4906538, at \*4 (awarding fees where "[n]othing in the Award suggests that [plaintiffs] are not entitled to recover attorneys' fees and costs associated with confirming the Award").  Accordingly, based on the broad contractual provision regarding attorneys' fees and

3

costs in the Settlement Agreement, the Court finds that Petitioner is contractually entitled to attorneys' fees and costs in this enforcement action.

Second, the Court finds that a fee award is also warranted under the Court's inherent power to award fees "when a challenger refuses to abide by an arbitrator's decision without justification." *Int'l Chem. Workers Union,* 774 F.2d at 47; *see also Abondolo v. H. & M. S. Meat Corp.*, No. 07-cv-3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008).   Here, Respondents have provided no compelling reason to justify their non-compliance with the arbitration award.  Respondents argue that they are justified for not complying with the award because "[a]n arbitration award is not a judgment and must be confirmed for it to be enforceable."  (Doc. No. 26.)  During this enforcement proceeding, however, Respondents did not oppose the confirmation of the arbitration award – except as it relates to this request for attorneys' fees – nor did they offer any reason why they had not complied with the award.  By requiring Petitioner to pursue this enforcement proceeding, Respondents have forced Petitioner to needlessly incur more legal fees and expenses to collect on an arbitration award, the validity of which Respondents do not contest.  In other words, given that courts have defined failure to comply with an arbitration award as "bad faith" for purposes of attorneys' fees, Respondents cannot claim that simply waiting for the confirmation proceeding to pay a valid award is a justification for their previous unwillingness to pay the award.  Respondents also argue that their non-compliance may be justified by "a serious conflict with their previous legal counsel."  (Doc. No. 26 at 11.)  However, Respondents offer no explanation as to why this conflict justified their refusal to comply with the award, nor why they continued not to comply with the award even after hiring new counsel.  Accordingly, the Court finds that an award of attorneys' fees and costs

is also warranted because Respondents refused to comply with the arbitration award without justification.

Although the Court finds that Petitioner is entitled to an award of attorneys' fees and costs for this confirmation proceeding, contemporaneous time records are necessary for the Court to determine the reasonableness of Petitioner's requested fee award in the amount of $88,433.70. In addition, in considering Petitioner's request, the Court is mindful of Respondents' argument that Respondents intentionally did not oppose Petitioner's motion to confirm the arbitration award, except with respect to these attorneys' fees, so as to minimize additional legal costs.

Accordingly, IT IS HEREBY ORDERED THAT Petitioner's request for attorneys' fees and costs incurred in this proceeding to confirm the arbitration award is GRANTED. IT IS FURTHER ORDERED THAT Petitioner shall submit billing statements reflecting the work done in relation to this confirmation proceeding by May 13, 2016 so that the Court may evaluate the reasonableness of Petitioner's requested fee award. IT IS FURTHER ORDERED THAT Respondents may submit a response by May 27, 2016. The Clerk of the Court is respectfully directed to close the motion pending at docket number 21.

SO ORDERED.

Dated:      April 29, 2016
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE